IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**DEBORAH JENNINGS and** )
**ALLEN JENNINGS,** )
                                    )
        **Plaintiff,** )
                                    )
        vs. )                 Case No. 4:16-CV-821 SNLJ
                                    )
**ANNETT HOLDINGS, INC. d/b/a TMC** )
**TRANSPORTATION, INC. and** )
**DAVID S. PIERCE,** )
                                    )
        **Defendants.** )

## MEMORANDUM and ORDER

       This matter is before the Court on defendants' motion to strike the opinions and testimony of plaintiffs' expert Donald L. Hess (#40). The motion has been fully briefed and is ripe for disposition.

       Plaintiffs Deborah and Allen Jennings filed this lawsuit against defendants Annett Holdings, Inc. d/b/a TMC Transportation, Inc. ("TMC") and Davis Pierce for injuries sustained in a motor vehicle accident on Interstate 55 in Arnold, Missouri. Plaintiffs were in a Honda Ridgeline truck driven by Mr. Jennings with Mrs. Jennings as a front seat passenger. Defendant Pierce was driving a 2008 Peterbilt tractor trailer on behalf of defendant TMC. There are five lanes of traffic heading northbound on I-55 in Arnold, Missouri. Jennings was in the second lane from the left (lane #4). For unknown reasons, Jennings lost control of his vehicle, which caused the left front of his vehicle to strike the concrete median wall. Upon impact, Jennings' vehicle spun clock-wise into lane #3 where defendant Pierce was traveling. Pierce applied his brakes and slowed his tractor

1

trailer down, but he estimates he was traveling at about 35 miles per hour when he made contact with Jennings's driver's side door.  At the time of the accident, the air temperature was below freezing and the road was at least partially wet.

Plaintiffs retained Donald Hess to analyze the accident and provide an opinion as to what defendant Pierce could have done to avoid the accident.

This Court must act as a "gatekeeper" to "insure that proffered expert testimony is both relevant and reliable."  *Wagner v. Hesston Corp.*, 450 F.3d 756, 758 (8th Cir. 2006) (quoting *Anderson v. Raymond Corp.*, 340 F.3d 520, 523 (8th Cir. 2003)); *see also Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993).   Federal Rule of Evidence 702 governs the standard for this Court's admission of expert testimony.  It provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:  (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

Mr. Hess has an extensive background in truck driving, truck driver training, and authoring truck driving textbooks. Although defendants do not suggest that Mr. Hess is not qualified as an expert, they seek to exclude four aspects of Mr. Hess's testimony on the basis that they are not based on reliable scientific principles, are speculative, and are not based on sufficient facts or data.  Each topic of Mr. Hess's testimony is discussed in turn below.

### 1. Testimony that an unloaded tractor trailer has a longer stopping distance than a loaded tractor trailer.

Mr. Hess stated in his deposition that an unloaded tractor trailer has a longer stopping distance than a loaded tractor trailer. Defendants say that he "admits he cannot explain the science behind his testimony," but the deposition transcript to which defendants cite explains that tractor trailers are designed to function best with a fully loaded trailer. Mr. Hess testified that "the suspensions…are designed to be at utmost efficiency when they're fully loaded," when "the suspension is pushed down toward the roadway" which allows for safer handling and less chance of skidding when braking. (#40 at 8.) Mr. Hess speculated that an unloaded trailer would take 20 to 30 percent longer to come to a stop than a loaded trailer. The plaintiffs' other expert, though, mechanical engineer Thomas Schaefer, disputed Mr. Hess's statement and posited that there was no significant difference in braking distances between loaded and empty trailers. Further, defendants cite to a lay witness to the accident, who suggested that if Pierce's trailer had been loaded, he could not have stopped as quickly. Defendants therefore state that Hess's "assumption that unloaded trucks have longer stopping distances than loaded trucks has no basis in fact." (#44 at 3.)

Defendants' conclusion --- that Hess's assumption has no basis in fact --- is contradicted by both the Missouri and Louisiana Commercial Driver's License Manuals, which identically state at Section 6.1.3 that "Large combination vehicles take longer to stop when they are empty than when they are fully loaded. When lightly loaded, the very stiff suspension springs and strong brakes give poor traction and make it very easy to lock up the wheels." *See also* Section 2.6.1 ("Empty trucks require greater stopping distances because an empty vehicle has less traction."). Further, defendants' own expert

3

agreed that the TMC driver's manual recommendation to reduce speed when hauling an empty trailer is "consistent with commercial driver manuals." (#43-6 at 6.) Although the Court agrees that there appears to be no basis upon which Mr. Hess may testify how much longer a loaded truck takes to stop than an empty truck, his testimony that empty trailers such as defendant Pierce's pose greater handling problems and require greater care is supported by Hess's experience and the commercial trucking manuals.

      2.      **Testimony regarding defendant Pierce's use of the engine brake.**

It is undisputed that defendant Pierce had his tractor trailer's engine brake --- or Jacobs or "Jake" brake --- turned on at the time of the accident. The engine brake operates independently of the brakes that can be activated with the vehicle's brake pedal. When the engine brake is on, it will automatically engage to slow the vehicle (by slowing down the drive axles) as soon as the driver's foot is removed from the accelerator. Mr. Hess opines that defendant Pierce's use of the engine brake was inappropriate given the poor weather conditions.

Defendants object to that testimony because, they say, there is no evidence Pierce had difficulty with skidding or braking when the engine brake was applied. Thus, defendants argue, there was no loss of traction or control due to Pierce using the engine brake, and there is no evidence that the engine brake should not have been used or that it played a role in the accident. Plaintiffs respond that whether or not the engine brake affected traction is in dispute, citing to witness testimony that Pierce's tires were skidding and "locked up" before impact. (*See* #43-8 at 3; #43-7 at 3.) In addition, plaintiffs point out that the tractor trailer's Operator Manual and the engine brake's Operator Manual both state that using the engine brake on wet roads will result in loss of traction. Indeed, defendants' own expert Thomas Schaefer agrees that "use of the tractor's engine brake

retarder did not comply with industry practice."  (#43-6 at 3.)  The Court disagrees that there is no evidence that Pierce's vehicle lost traction or that Hess's testimony regarding the engine brake's use would be unhelpful to the jury.  Defendants are free to cross-examine Mr. Hess on these matters.  The Court declines to exclude Hess's testimony on the engine brake.

### 3. Testimony that defendant Pierce should have been driving 35-40 mph at the time of the accident.

Mr. Hess states in his report that defendant Pierce should have been driving 35-40 mph at the time of the accident.  He also testified that Pierce should have had his four-way flashers on and been in the far righthand lane of traffic, but Hess did not include that in his report.  With respect to Hess's opinion regarding Pierce's speed, Hess said that his reasoning for the reduced speed (the speed limit was 65 mph) was that Pierce's tractor trailer was empty and thus would have more problems braking than would a loaded trailer.

Defendants argues that because there is no basis for Hess's opinion that unloaded trucks take longer to stop, then there is no basis for Hess's opinion that Pierce should have been traveling 35-40 mph.  As this Court stated above, Mr. Hess does have support for his statement that unloaded trailers take longer to stop.  In addition, the Missouri and Louisiana Commercial Driver's License Manuals both state at Section 2.6.2:

> Wet roads can double stopping distances.  You must drive slower to be able to stop in the same distance as on a dry road.  Reduce speed by about one-third (e.g., slow from 55 to about 35 mph) on a wet road.

Again, defendants are free to cross examine Mr. Hess on these matters, but there is no reason to hold that Mr. Hess's testimony about the standard of care, with respect to his statements in his report, are unreliable or unhelpful to the jury.

### 4. Testimony that the accident would have been prevented if defendant Pierce had been taking the proper precautions.

Mr. Hess's report concludes that, had defendant Pierce been traveling at the appropriate speed and employing other defensive driving strategies, he would have been able to avoid hitting the Jenningses' truck. (#40-1 at 8.) Defendants argue that Hess's conclusion --- that the accident was preventable if defendant Pierce had performed as Hess suggests --- is impermissible expert testimony because experts many not express opinions as to whether a party was negligent. The Court agrees that testifying that the accident was "preventable" will not assist the jury. *See, e.g.*, *McLane v. Rich Transp., Inc.*, 2:11-CV-00101 KGB, 2012 WL 3996832, at *1 (E.D. Ark. Sept. 7, 2012) (noting that "'Preventable accident' is defined in the Federal Motor Carrier Safety Regulations …and therefore any testimony on that issue will not assist the jury) (citing 49 C.F.R. 385.3 ("A preventable accident is one that could have been averted but for an act or failure to act ....")).

Accordingly,

IT IS HEREBY ORDERED that defendant's motion to strike the opinions and testimony of plaintiffs' expert Donald L. Hess (#40) is GRANTED in part and DENIED in part as described herein.

Dated this  11th  day of September, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE