IN THE UNITED STATES DISTICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DEBORAH L. JENNINGS and ALLEN L. JENNINGS | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Cause No. 4:16-CV-00821-CEJ |
| ANNETT HOLDINGS, INC. d/b/a TMC TRANSPORTATION, INC. and DAVID W. PIERCE | ) ) ) ) | |
| Defendants. | ) ) | |

**PRETRIAL COMPLIANCE REPORT OF
DEFENDANTS TMC TRANSPORTATION AND DAVID PIERCE**

**1.    JOINT STIPULATION OF UNCONTESTED FACTS/CASE SUMMARY:**

On January 17, 2014 an accident occurred on the Interstate 55 northbound lanes approximately 0.3 miles before Church Road in Arnold, Jefferson County, Missouri between a 2007 Honda Ridgeline and a 2006 Peterbilt truck-tractor pulling an empty flatbed semi-trailer. Deborah Jennings was a passenger in the right front passenger seat of the Honda Ridgeline traveling northbound on Interstate 55 operated by her husband Allen Jennings.  Their daughter, Heather Laszewski, was a rear passenger in the Honda. David Pierce was also operating northbound on Interstate 55 the tractor trailer in the course and scope of his employment with TMC Transportation, an interstate trucking company based in Iowa.

Interstate 55, in the area of accident, has five (5) lanes of travel with wide shoulders.  It was straight, with a slight uphill grade and a posted speed limit of 65 mph. Prior to the time of the accident, Allen Jennings was operating his vehicle in a northbound direction on Interstate 55 when his vehicle slid counterclockwise and struck the concrete median wall. The impact then caused Jennings to spin clockwise back into the travel lanes where David Pierce was operating

his tractor trailer. Pierce had slowed his tractor trailer but was unable to stop in time and the front of his tractor struck the Jennings' vehicle on the driver's side door.

**2.     DEFENDANTS' WITNESS LIST:**

    a.     Those who WILL be called as witnesses:

        David Pierce
        Officer Jason O'Barr
        Thomas P. Schaefer, P.E.
        Thomas Piazza
        Allen Jennings

    b.     Those who MAY be called as witnesses:
        Celeste Blum
        Shawn Mueller
        Todd Bunting, corporate representative of TMC
        Dr. Fangxiang Chen
        Heather Laszewski

**3.     DEFENDANTS' EXHIBIT LIST:**

As Plaintiffs have copies of the following exhibits in their possession, Defendants are not producing copies of the exhibits. Defendants will provide Plaintiff with copies of the following exhibits upon request.

**Defendants WILL use the following exhibits at trial**:

Exhibit No.     Description.
- A.     Schaefer Engineering Photographs
- B.     Pierce photographs taken at scene following accident
- C.     Photographs of Honda provided by Plaintiffs
- D.     Scene Photographs taken by Tom Green
- E.     Bill of lading
- F.     Pierce Driver Daily Logs for 1/17/14
- G.     EDR data
- H.     Hard brake data.
- I.     Repair to Pierce vehicle on 1/14/14
- J.     Qualcomm satellite messages
- K.     Driver Qualification File of Pierce.
- L.     Maintenance records
- M.     Qualcomm Position Report for 1/17/2014
- N.     Pierce's cellular phone records for day of accident.
- O.     Jennings' cellular phone records for day of accident.
- P.     Curriculum Vitae of Thomas Schaefer

    Q.      Curriculum Vitae of Thomas Piazza
    R.      Medical Records from following providers with Affidavits:
- Dr. Fangxiang Chen/St. Anthony's Neurosurgery Services
- visits 1/22/15; 3/12/15; 6/9/15
- Metropolitan Neurology
- visits 1/23/14, 2/27/14; 3/11/14
- Southeast Healthpoint Physical Medicine & Rehab
- visits 5/29/12; 6/15/12; 1/11/13; 7/12/13; 1/7/14

    S.      Medical Billing from the following providers with Affidavits:
- Rock Township Ambulance District
- St. Anthony's Medical Center
- South County Radiologists, Inc.
- Fangxiang, Chen, M.D.
- South County Anesthesia
- Inpatient Consultants of MO – IPC
- Emergency Physicians of St. Louis, Inc.
- Brent V. Stromberg, MD
- Hanger Prosthetics
- Tekwani Vision Center
- Metropolitan Neurology/Venkat Rao Chintapally
- Signature Medical Group
- St. Francis Medical Center
- Eye Care Specialist/David Westrich
- Walmart Vision Center/Joel Allison
- MediCenter Pharmacy
- Dale & Hancock Center
- Janet Ruopp, DDS

    T.      Missouri Commercial Driver License Manual
    U.      Louisiana Commercial Driver License Manual
    V.      Peterbilt Operator's Manual – Model 387 manufactured prior to 12/2006
    W.     Jacobs Engine Brake Operator's Manual
    X.      Piazza Table hourly weather 6 p.m. 1/16/2014 to 1 p.m. 1/17/14
    Y.      Piazza Weather Conditions Table – Ste. Genevieve to Accident Site
    Z.      Piazza Weather Conditions Table – 511 N. Hope, Jackson, MO

**Defendants MAY use the following exhibits at trial:**

Exhibit No.   Description
    AA.   TMC Driver Handbook
    BB.   TMC Training Manual
    CC.   TMC Quick Reference Handbook
    DD.   Training/Safety Handouts/Agendas
    EE.   FMCSA Driving Tips regarding winter driving, too fast for conditions and inadequate evasive action
    FF.   Missouri's Driver Guide issued by the MO Department of Revenue
    GG.  Delmar's Tractor Trailer Truck Driver Training, 4th Ed. (Hess editor)

HH. 911 Call Logs Arnold
II. 911 Jefferson County Call Log
JJ. ReMax Employment Records
KK. ReMax open house videos
LL. Tax returns of Plaintiff
MM. Documents produced by TMC/Pierce bates stamped 0006-0664
NN. Google Earth Satellite Images of scene
OO. Google Maps
PP. Invoice of Thomas Green
QQ. Invoice of Lee Branscome
RR. Invoice of Donald Hess
SS. Tom Green expert file material and photographs
TT. Lee Branscome expert file material
UU. Donald Hess expert file material.
VV. Weather Observations: KSTL, KSET, KSUS, KFYG, KCPS, KFAM and KCGI
WW. NEXRAD Radar Reflectivity Images and one hour precipitation product images
XX. NWS surface and upper air maps for 1/17/14
YY. NCEP Notes – MADIS Surface Variables (Piazza)
ZZ. Hydrometer Classification Algorithm 2
AAA. Snow Reports from National Operational Hydrological Remote Sensing Center
BBB. Medical Records with Affidavits from:
- Rock Township Ambulance District 1/17/14
- St. Anthony's Medical Center 1/17/14 – 1/22/15
- Dr. Fangxiang Chen 1/17/14 – 6/9/15
- Metropolitan Neurology 1/23/14 – 3/11/14
- St. Francis Medical Center – 2/10/14 – 3/5/14
- Walmart Vision Center 6/19/01 – 12/20/16
- Elevation Chiropractic - 2/1/13 - 11/28/14
- Dr. Stromberg – 1/17/14 - 2/12/14
- Dale & Hancock Center – 6/18/14 – 5/18/17 (except for records addressed in any Motion in Limine)
- Southeast Healthpoint Physical Medicine & Rehab – Dr. Karshner – 5/29/12 – 6/9/14

**4. DEPOSITION, INTERROGATORY ANSWERS AND REQUEST FOR ADMISSIONS.**

Defendants may read into evidence from the following depositions:

- Utahna Hancock (to be taken on  09/20/17 so Defendants will submit page/line numbers after receipt of transcript)
- Celeste Blum (video deposition to be taken on 10/3/2017 so Defendants will submit page/line numbers after receipt of transcript)

- Shawn Mueller:
    - Pg. 5, lines 21-15
    - Pg. 6, lines 1-11
    - Pg. 8, lines 1-25
    - Pg. 9, lines 1-25
    - Pg. 10, lines 1-25
    - Pg. 11, lines 1-25
    - Pg. 12, lines 1-25
    - Pg. 13, lines 1-25
    - Pg. 14, lines 1-25
    - Pg. 15, lines 1-25
    - Pg. 17, lines 1-25
    - Pg. 18, lines 1-20
    - Pg. 19, lines 24-25
    - Pg. 20, lines 1-25
    - Pg. 24, lines 2-14
    - Pg. 25, lines 1-25
    - Pg. 26, lines 1-25
    - Pg. 27, lines 1-25
    - Pg. 28, lines 1-25
    - Pg. 29, lines 1-25
    - Pg. 30, lines  1, 7-25
    - Pg. 31, lines 13-25
    - Pg. 32, lines 22-25
    - Pg. 33, lines 1-3
    - Pg. 37, lines 24-25
    - Pg. 38, lines 1-9
    - Pg. 39, lines 21-25
    - Pg. 40, lines 1-7
    - Pg. 44, lines 24-25
    - Pg. 45, lines 1-12, 18-24

- Celeste Blum:
    - Pg. 5, lines 13-14
    - Pg. 6, lines 7-19
    - Pg. 7, lines 20-25
    - Pg. 8, lines 1-7,  20-24
    - Pg. 9, lines 2-25
    - Pg. 10, lines 1-25
    - Pg. 11, lines 1-25
    - Pg. 12, lines 1-25
    - Pg. 13, lines 1, 8-25
    - Pg. 14, lines 1-25
    - Pg. 15, lines 1-25
    - Pg. 16, Lines 1-25
    - Pg. 17, lines 1-25

- Pg. 18, lines 1-20
- Pg. 19, lines 12-25
- Pg. 20, lines 1-7, line 25
- Pg. 21, lines 1-25
- Pg. 22,  lines 1-20
- Pg. 24, lines 5-7
- Pg. 25, lines 2-25
- Pg. 26, lines 1-25
- Pg. 27, lines 1-25
- Pg. 28, lines 1-14
- Pg. 29, lines 1- 3
- Pg. 30, lines 1-25
- Pg. 32, line 25
- Pg. 33, line 1-25
- Pg. 34, lines 1-25
- Pg. 35, lines 1-21
- Pg. 36, lines 3-25
- Pg. 37, lines 1-25
- Pg. 38, lines 1-18
- Pg. 39, lines 4-25
- Pg. 40, lines 1-13

In addition, Defendants reserve the right to read any portion of the depositions of any witness including any of Plaintiff's expert witnesses during its case or in cross-examination of witnesses for impeachment purposes, depending upon their direct examination testimony and/or whether plaintiff uses her experts.

Defendants may introduce the following Interrogatory Answers:

- Deborah Jennings' Answers and Supplemental Answers to Defendants' Interrogatories
- Allen Jennings' Answers and Supplemental Answers to Defendants/Cross Claim Plaintiff's Interrogatories

**5.    DEFENDANTS' PROPOSED JURY INSTRUCTIONS.**

No. 0.01 Eight Circuit Model Civil Jury Instruction
No. 0.02 Eight Circuit Model Civil Jury Instruction
No. 1.01 Eight Circuit Model Civil Jury Instruction  (explanatory: Before Voir Dire)
No. 1.02 Eight Circuit Model Civil Jury Instruction  (explanatory: End Voir Dire)
No. 1.03 Eight Circuit Model Civil Jury Instruction  (explanatory: General/Nature Case)
No. 1.04 Eight Circuit Model Civil Jury Instruction  (explanatory: Evidence)
No. 1.04A Eight Circuit Model Civil Jury Instruction
No. 1.05 Eight Circuit Model Civil Jury Instruction
No. 1.06 Eight Circuit Model Civil Jury Instruction  (explanatory: No transcript)
No. 2.11 Eight Circuit Model Civil Jury Instruction  (demonstrative summaries/not evid)

   No. 2.12 Eight Circuit Model Civil Jury Instruction (summaries to use evid)
   No. 3.01 Eight Circuit Model Civil Jury Instruction (close of trial)
   No. 3.02 Eight Circuit Model Civil Jury Instruction
   No. 3.03 Eight Circuit Model Civil Jury Instruction
   No. 3.04 Eight Circuit Model Civil Jury Instruction
   No. 3.05 Eight Circuit Model Civil Jury Instruction
   No. 3.06 Eight Circuit Model Civil Jury Instruction

   M.A.I. 4.01 [2002 Revision]
   No. 11.08 Negligence – Different Standards, M.A.I. 11.08 [1996 Revision]
   No. 13.05 Scope of Employment, M.A.I. 13.05 [1990 Revision]
   No. 37.03 Damages, M.A.I.  37.03 [1986 New] modified by 4.01 [2002 Revision]
   No. 11.03 Negligence – Highest Degree of Care, M.A.I.  11.03 [1996 Revision]
   No. 33.04(4) Converse Instruction, M.A.I. 33.04(4)

**6.**   **TRIAL BRIEF**

  **A.**   **FACTS.**

On January 17, 2014 an accident occurred at approximately 11:20 a.m. on Interstate 55 northbound approximately 0.3 miles before Church Road in Arnold, Jefferson County, Missouri between a 2007 Honda Ridgeline and a 2006 Peterbilt truck-tractor pulling an empty flatbed semi-trailer. Both vehicles were traveling northbound on Interstate 55 at this location. Plaintiff Deborah Jennings was a front seat passenger in the Honda Ridgeline operated by her husband Allen Jennings.  Their daughter, Heather Laszewski was a rear passenger. David Pierce was operating the tractor trailer in the course and scope of his employment with TMC Transportation, an interstate trucking company based in Iowa.

  Interstate 55, in the area of accident, has 5 travel lanes with wide shoulders, was straight, slight uphill grade and a posted speed limit of 65 mph. Prior to the time of the impact, Jennings testified he was in the far left travel lane (lane 1) heading northbound when he suddenly and unexpectedly lost control of his vehicle which caused him to slide counterclockwise and strike the concrete median wall head on. This impact then caused Jennings to spin clockwise back into the travel lanes then into lane 3 where David Pierce was operating his tractor trailer northbound.

Pierce was operating his tractor trailer at 55 mph just before Jennings lost control. Pierce was able to slow down his tractor trailer upon the first appearance of Jennings losing control. Unfortunately, Pierce was unable to come to a complete stop in time and his front bumper struck Jennings' vehicle on the driver side door. The Qualcomm data and ECM configuration settings on this tractor all support Pierce's testimony as to speed.

Our accident reconstructionist Tom Schaefer will opine that Pierce's travel speed of 55 mph was an appropriate to accommodate the increased stopping distance associated with wet pavement. While Pierce did use his engine brake, it has a positive effect on the accident by further reducing the speed of his tractor trailer at impact. The use of the engine brake reduced the vehicle speed at a faster rate as compared to coasting in gear without the engine brake. Therefore, Pierce appropriately reduced his speed to account for the wet roadway, was responsive to the situation as it unfolded and maintained control of his tractor trailer at all times.

There is a dispute over the weather conditions at the location of the accident on the date and time of the accident. More importantly, however, there is no dispute as to the road conditions. All of the witnesses and parties involved describe the road conditions as "fine" without any ice or slickness. While we have photographs at the scene, these are taken after the accident and after emergency personnel were on site. One cannot opine as to road conditions at a location based on weather alone as our weather expert Thomas Piazza will testify. There are other factors such as pavement temperatures, de-icing chemical, and wind that affect road conditions. The Arnold police officer Jason O'Barr did NOT note "Ice" or "Frost" on the roads in his report but noted wet and snow. No one stated there was snow or ice on the roads at the time of the accident.

There were two witnesses to this accident. Witness Celeste Blum testified she was behind Pierce's tractor trailer in lane 2 and noticed Jennings passing the tractor trailer at approximately 70-75 mph.  Jennings' drifted towards the shoulder and slipped and hit the median wall and bounced back in front of Pierce's tractor trailer. Pierce hit the brakes immediately after Jennings slipped and hit the median wall.  Blum testified there was no ice on the roadway but ice was on the shoulder. It was not snowing at the time.

Witness Shawn Mueller testified he was traveling in lane 4 at approximately 65 mph and Jennings was a little ahead of him when he suddenly went toward the median and then back in his direction.  Mueller swerved to the right to avoid contact. Mueller testified Pierce hit his brakes but slid into the side of the Honda.  Mueller testified the road conditions were fine, somewhat damp, but clear.

All testimony is consistent in that Allen Jennings lost control of his vehicle for an unknown reason.  All witnesses have testified the travel lanes were fine, but wet. Allen Jennings' failure to maintain control of his vehicle created an unavoidable accident for Pierce. Allen Jennings' failure to maintain control of his vehicle also caused his wife Deborah Jennings' alleged injuries. Jennings' negligence was the proximate cause of this accident and resultant injuries and damages of Deborah Jennings.

**B.**     **LEGAL ISSUES.**

As affirmative defenses, Defendants claim that the Plaintiff Allen Jennings was at fault for Deborah's injuries.  As of the filing of this trial brief, David Pierce still has a Counterclaim against Allen Jennings for his negligence and summary judgment was only granted as to TMC's counterclaim against Allen Jennings.  Allen Jennings' caused this accident and Deborah Jennings' alleged injuries. Under Missouri's pure comparative fault and §537.765 RS Mo.,

Plaintiff's fault is not a complete bar to her recovery.  Thus, assuming plaintiff can make a submissible case, the jury will have to apportion fault between Plaintiff Allen Jennings and Defendants.  In the event fault is not apportioned, Defendants will argue that Allen Jennings' negligence was the proximate cause of this accident.

Defendants will also submit evidence that Defendant Pierce was faced with a sudden emergency situation and placed in a position of peril through no negligence of his own and in meeting the emergency, Defendant Pierce acted as a reasonably prudent person would in the same or similar situation and was therefore not negligent.  This accident was due solely to the negligence of Allen Jennings.  Pierce will testify that he detected an emergency situation early, promptly and correctly responded by immediately letting off the throttle and looking for an escape route.  When Jennings hit the median wall, it was redirected in Pierce's direction at which time he braked as hard as he could. Witness testimony confirms this.  It would be unreasonable to expect Pierce to take any other severe maneuver prior to the Honda becoming an impending hazard for his travel path.

Finally, there is a question as to the admissibility of Plaintiff's medical expenses given that Plaintiff Deborah Jennings did not incur any expense and that the cost of her medical was paid by her private health insurance.  Under Missouri law, only the amount paid is now admissible. Defendants request the jury be allowed to hear evidence on the amounts paid only and not on the amounts payable or charged for medical treatment rendered to Deborah Jennings.

Defendants intend to file several Motions in Limine, which will discuss the evidentiary issues it anticipates will be raised during the trial of this case.

        Respectfully submitted,

        ROBERTS PERRYMAN PC

        /s/ Ted L. Perryman
        Ted L. Perryman, 28410MO
        Korissa M. Zickrick, 56069MO
        Anna K. Beck, 66749MO
        1034 S. Brentwood Blvd., Suite 2100
        St. Louis, MO 63117
        *Attorney for Defendants*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and accurate copy of the foregoing was been filed upon the Court's electronic system this 18 day of September 2017 and delivered to:

Maurice Graham
GRAY RITTER AND GRAHAM
701 Market, Suite 800
St. Louis, MO 63101-1826
(314) 241-5620
(314) 241-4140 FAX
mgraham@grgpc.com
*Attorney for Plaintiffs*

John P. Heisserer
RICE, SPATH, SUMMERS & HEISSERER
160 S. Broadview, 4th Floor
P.O. Box 1568
Cape Girardeau, MO 63702-1568
(573) 334-6061
(573) 334-0979 Fax
jheisserer@capelawfirm.com
*Attorney for Plaintiffs*


Ryan K. Manger
Law Office of McDonald & Bogdan
3636 S. Geyer Road, Suite 250
St. Louis, MO 63127
314-966-4490
manger1@nationwide.com
*Attorney for Defendant Allen J. Jennings*

                                        /s/ Ted L. Perryman