# JURY
# INSTRUCTIONS

8th Circuit Model Civil Jury Instruction

**1.01 EXPLANATORY:  BEFORE VOIR DIRE**

Members of the Jury Panel, if you have a cell phone or other communication device, please take it out now and turn it off.  Do not turn it to vibration or silent; power it down.  [During jury selection, you must leave it off.]  (Pause for thirty seconds to allow them to comply, then tell them the following:)

If you are selected as a juror, (briefly advise jurors of your court's rules concerning cellphones, cameras and any recording devices).

I understand you may want to tell your family, close friends, and other people about your participation in this trial so that you can explain when you are required to be in court, and you should warn them not to ask you about this case, tell you anything they know or think they know about it, or discuss this case in your presence.  You must not post any information on a social network, or communicate with anyone, about the parties, witnesses, participants, [claims] [charges], evidence, or anything else related to this case, or tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. If you discuss the case with someone other than the other jurors during deliberations, you may be influenced in your verdict by their opinions.  That would not be fair to the parties and it would result in a verdict that is not based on the evidence and the law.

While you are in the courthouse and until you are discharged in this case, do not provide any information to anyone by any means about this case.  Thus, for example, do not talk

face-to-face or use any electronic device or social media or in any other way communicate to anyone any information about this case until I accept your verdict or until you have been excused as a juror.

Do not do any research -- on the Internet, through social media, in libraries, in the newspapers, or in any other way -- or make any investigation about this case on your own.  Do not visit or view any place discussed in this case and do not use Internet programs or other device to search for or to view any place discussed in the testimony.  Also, do not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge until you have been excused as jurors.

The parties have a right to have this case decided only on evidence they know about and that has been presented here in court. If you do some research or investigation or experiment that we don't know about, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process, including the oath to tell the truth and by cross-examination. Each of the parties is entitled to a fair trial, rendered by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide a case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice.  It is very important that you abide by these rules.  Failure to follow these instructions could result in the case having to be retried.  Failure to follow these instructions could also result in you being held in contempt of the court and punished accordingly.

[Are there any of you who cannot or will not abide by these rules concerning communication with others during this trial?]  (And then continue with other voir dire.)

## 8th Circuit Model Civil Jury Instruction

## 1.02 EXPLANATORY:  AT END OF VOIR DIRE

During this recess, and every other recess, do not discuss this case among yourselves or with anyone else, including your family and friends.  Do not allow anyone to discuss the case with you or within your hearing.  "Do not discuss" also means do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you earlier.

Do not read any newspaper or other written account, watch any televised account, or listen to any radio program on the subject of this trial.  Do not conduct any Internet research or consult with any other sources about this case, the people involved in the case, or its general subject matter.  You must keep your mind open and free of outside information.  Only in this way will you be able to decide the case fairly based solely on the evidence and my instructions on the law.  If you decide this case on anything else, you will have done an injustice.  It is very important that you follow these instructions.

I may not repeat these things to you before every recess, but keep them in mind until you are discharged.

**8th Circuit Model Civil Jury Instruction**

## 1.03 EXPLANATORY: GENERAL; NATURE OF CASE; BURDEN OF PROOF; DUTY OF JURY; CAUTIONARY

Ladies and Gentlemen: I am now going to give you some instructions about this case and about your duties as jurors. At the end of the trial I will give you more instructions. I may also give you instructions during the trial. All instructions - those I give you now and those I give you later - [whether they are in writing or given to you orally] – are equally important and you must follow them all.

[Describe your court's policy, such as "You must leave your cell phone, PDA, smart phone, iPhone, tablet computer, and any other wireless communication devices] in the jury room during the trial and may only use them during breaks. However, you are not allowed to have those devices in the jury room during your deliberations. You may give them to the [bailiff] [deputy clerk] [court security officer] for safekeeping just before    you start to deliberate. They will be returned to you when your deliberations are complete."]

[This is a civil case brought by the plaintiff[s] against the defendant[s]. [Describe the parties' claims and defenses; counterclaims and defenses to the counterclaims.] It will be your duty to decide from the evidence [what party is entitled to your verdict[s]] [whether the plaintiff[s] is [are] entitled to a verdict against the defendant[s].]

Your duty is to decide what the facts are from the evidence. You are allowed to consider the evidence in the light of your own observations and experiences. After you have decided what the facts are, you will have to apply those facts to the law that I give you in these and in my other instructions. That is how you will reach your verdict. Only you will decide what the facts are. However, you must follow my instructions, whether you agree with them or not. You have taken an oath to follow the law that I give you in my instructions.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any reasons they might have to testify a certain way, how they act while testifying, whether they said something different at another time, whether their testimony is generally reasonable, and how consistent their testimony is with other evidence that you believe.

Do not let sympathy, or your own likes or dislikes, influence you. The law requires you to come to a just verdict based only on the evidence, your common sense, and the law that I give you in my instructions, and nothing else.

Nothing I say or do during this trial is meant to suggest what [I think of the evidence or] I think your verdict should be.

**8th Circuit Model Civil Jury Instruction**

**1.04 EXPLANATORY:  EVIDENCE; LIMITATIONS**

When I use the word "evidence," I mean the testimony of witnesses; documents and other things I receive as exhibits; facts that I tell you the parties have agreed are true; and any other facts that I tell you to accept as true.

Some things are not evidence. I will tell you now what is not evidence:

1. Lawyers' statements, arguments, questions, and comments are not  evidence.

2. Documents or other things that might be in court or talked about, but that I do not receive as exhibits, are not evidence.

3.  Objections are not evidence. Lawyers have a right –  and sometimes a duty – to object when they believe something should not be a part of the trial.  Do not be influenced one way or the other by objections.  If I sustain a lawyer's objection to a question or an exhibit, that means the law does not allow you to consider that information.  When that happens, you have to ignore the question or the exhibit, and you must not try to guess what the information might have been.

4 . Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence, and you must not consider them.

5. Anything you see or hear about this case outside the courtroom is not evidence, and you must not consider it [unless I specifically tell you otherwise].

Also, I might tell you that you can consider a piece of evidence for one purpose only, and not for any other purpose.  If that happens, I will tell you what purpose you can consider the evidence for and what you are not allowed to consider it for.  [You need to pay close attention when I give an instruction about evidence that you can consider for only certain purposes, because you might not have that instruction in writing later in the jury room.]

[Some of you may have heard the terms "direct evidence" and "circumstantial evidence."  You should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.]

8th **Circuit Model Civil Jury Instruction**

**1.05 EXPLANATORY:  BENCH CONFERENCES AND RECESSES**

During the trial, I will sometimes need to talk privately with the lawyers.  I may talk with them here at the bench while you are in the courtroom, or I may call a recess and let you leave the courtroom while I talk with the lawyers.  Either way, please understand that while you are waiting, we are working.  We have these conferences to make sure that the trial is proceeding according to the law and to avoid confusion or mistakes.  We will do what we can to limit the number of these conferences and to keep them as short as possible.

**8th Circuit Model Civil Jury Instruction**

**1.06 EXPLANATORY:  NO TRANSCRIPT AVAILABLE [NOTE-TAKING]**

At the end of the trial, you will have to make your decision based on what you recall of the evidence.  You will not have a written copy of the testimony to refer to.  Because of this, you have to pay close attention to the testimony and other evidence as it is presented here in the courtroom.

[If you wish, however, you may take notes to help you remember what witnesses say.  If you do take notes, do not show them to anyone until you and your fellow jurors go to the jury room to decide the case after you have heard and seen all of the evidence.  And do not let taking notes distract you from paying close attention to the evidence as it is presented.  The Clerk will provide each of you with a pad of paper and a pen or pencil.  At each recess, leave them_.]

[When you leave at night, your notes will be locked up and will not be read by anyone.]

**8th Circuit Model Civil Jury Instruction**

## 2.11 EXPLANATORY: DEMONSTRATIVE SUMMARIES

**NOT RECEIVED AS EVIDENCE**

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the books, records, or other underlying evidence in the case. Those charts or summaries are used for convenience. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the books, records or other underlying evidence.

**Committee Comments**

*See 8th Cir. Crim. Jury Instr.* 4.11 (2012).

*This instruction should be given only where the chart or summary is used solely as demonstrative evidence.* Where such exhibits are admitted into evidence pursuant to Fed. R. Evid. 1006, do *not* give this instruction. For summaries admitted as evidence pursuant to Fed. R. Evid. 1006, *see* Instruction 2.12, *infra*.

Sending purely demonstrative charts to the jury room is disfavored. If they are submitted limiting instructions are strongly suggested. *United States v. Possick*, 849 F.2d 332, 339 (8th Cir. 1988). The court may advise the jury that demonstrative evidence will not be sent back to the jury room.

## 8th Circuit Model Civil Jury Instruction

## 2.12 EXPLANATORY:  RULE 1006 SUMMARIES

You will remember that certain [schedules] [summaries] [charts] were admitted in evidence [as Exhibits __ and __].  You may use those [schedules] [summaries] [charts] as evidence, even though the underlying documents and records are not here.[1]  [However, the [accuracy] [authenticity] of those [schedules] [summaries] [charts] has been challenged.  It is for you to decide how much weight, if any, you will give to them.  In making that decision, you should consider all of the testimony you heard about the way they were prepared.][2]

**Notes on Use**

1.  This instruction is not necessary if a stipulation instruction has been given on the subject.

2.  The bracketed portion of this instruction should be given if the accuracy or authenticity has been challenged.

**Committee Comments**

*See 8th Cir. Crim. Jury Instr.* 4.12 (2012).  *See generally* Fed. R. Evid. 1006, 1008(c).

This instruction is based on Rule 1006 of the Federal Rules of Evidence, which permits summaries to be admitted as evidence without admission of the underlying documents as long as the opposing party has had an opportunity to examine and copy the documents at a reasonable time and place and if those underlying documents would be admissible.  *Ford Motor Co. v. Auto Supply Co., Inc.*, 661 F.2d 1171, 1175-76 (8th Cir. 1981).  The Rules contemplate that the summaries will not be admitted until the court has made a preliminary ruling as to their accuracy.  *See* Fed. R. Evid. 104; *United States v. Robinson*, 774 F.2d 261, 276 (8th Cir. 1985).

As Rule 1008(c) makes clear, the trial judge makes only a preliminary determination regarding a Rule 1006 summary, the accuracy of which is challenged.  The admission is within the sound discretion of the trial judge.  *United States v. King*, 616 F.2d 1034, 1041 (8th Cir. 1980).  If the determination is to admit the summary, the jury remains the final arbiter with respect to how much weight it will be given and should be instructed accordingly.

The "voluminous" requirement of Rule 1006 does not require that it literally be impossible to examine all the underlying records, but only that in-court examination would be an inconvenience.  *United States v. Possick*, 849 F.2d 332, 339 (8th Cir. 1988).

Charts and diagrams admitted under Rule 1006 may be sent to the jury at the district court's discretion.  *Possick*, 849 F.2d at 339; *United States v. Orlowski*, 808 F.2d 1283, 1289 (8th Cir. 1986); *United States v. Robinson*, 774 F.2d at 275.

When this type of exhibit is sent to the jury, a limiting instruction is appropriate, but failure to give an instruction on the use of charts is not reversible error. *Possick*, 849 F.2d at 340.

There may be cases in which a variety of summaries are before the jury, some being simply demonstrative evidence, some being unchallenged Rule 1006 summaries, and some being challenged Rule 1006 summaries. In that situation, or any variant thereof, it will be necessary for the trial court to distinguish between the various items, probably by exhibit number, and to frame an instruction that makes the appropriate distinctions.

# 8th Circuit Model Civil Jury Instruction

3.01 EXPLANATORY:  ADDITIONAL INSTRUCTIONS

Members of the jury, the instructions I gave at the beginning of the trial and during the trial are still in effect. Now I am going to give you some additional instructions.

You have to follow all of my instructions – the ones I gave you earlier, as well as those I give you now. Do not single out some instructions and ignore others, because they are all important. [This is true even though I am not going to repeat some of the instructions I gave you [at the beginning of] [during] the trial.]

1You will have copies of [the instructions I am about to give you now] [all of the instructions] in the jury room. [You will have copies of some of the instructions with you in the jury room; others you will not have copies of. This does not mean some instructions are more important than others.] Remember, you have to follow all instructions, no matter when I give them, whether or not you have written copies.

Notes on Use

1. Optional for use when the final instructions are to be sent to the jury room with the jury. The Committee recommends that practice.

Committee Comments

See Kevin F. O'Malley, et al., 3 FEDERAL JURY PRACTICE AND INSTRUCTIONS:

Civil § 103.01 (6th ed. 2011). See generally West Key # "Criminal Law" 887.

3.02 EXPLANATORY:  JUDGE'S OPINION

I have not intended to suggest what I think your verdict[s] should be by any of my rulings or comments during the trial.

[During this trial I have asked some questions of witnesses. Do not try to guess my opinion about any issues in the case based on the questions I asked.]1

Notes on Use

1. Use only if judge has asked questions during the course of the trial.

3.03 EXPLANATORY:  CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying; whether a witness said something different at another time;1 whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence you believe.

[In deciding whether to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things. You will have to decide whether a contradiction is an innocent misrecollection, or a lapse of memory, or an intentional falsehood; that may depend on whether it has to do with an important fact or only a small detail.]

Notes on Use

1.  With respect to the use of prior inconsistent statements, Fed. R. Evid. 105 gives a party the right to require a limiting instruction explaining that the use of this evidence is limited to credibility.  Note, however, that such a limiting instruction should not be given if the prior inconsistent statement was given under oath in a prior trial, hearing or deposition, because such prior sworn testimony of a witness is not hearsay and may be used to prove the truth of the matters asserted.  Fed. R. Evid. 801(d)(1)(A).

Committee Comments

The form of credibility instruction given is within the discretion of the trial court. Clark

v. United States, 391 F.2d 57, 60 (8th Cir. 1968); United States v. Merrival, 600 F.2d 717, 719 (8th Cir. 1979). In Clark the court held that the following instruction given by the trial court correctly set out the factors to be considered by the jury in determining the credibility of the witnesses:

You are instructed that you are the sole judges of the credibility of the witnesses and of the weight and value to be given to their testimony.  In determining such

credibility and weight you will take into consideration the character of the witness, his or her demeanor on the stand, his or her interest, if any, in the result of the trial, his or her relation to or feeling toward the parties to the trial, the probability or improbability of his or her statements as well as all the other facts and circumstances given in evidence.

391 F.2d at 60. In Merrival, the court held that the following general credibility instruction provided protection for the accused:

You, as jurors, are the sole judges of the truthfulness of the witnesses and the weight their testimony deserves.

You should carefully study all the testimony given, the circumstances under which each witness has testified, and every matter in evidence that tends to show whether a witness is worthy of belief. Consider each witness's ability to observe the matters as to which he or she has testified and whether each witness is either supported or contradicted by other evidence in the case.

600 F.2d at 720 n.2.

The general credibility instruction given in United States v. Phillips, 522 F.2d 388, 391 (8th Cir. 1975) covers other details:

The jurors are the sole judges of the weight and credibility of the testimony and of the value to be given to each and any witness who has testified in the case.  In reaching a conclusion as to what weight and value you ought to give to the testimony of any witness who has testified in the case, you are warranted in taking into consideration the interest of the witness in the result of the trial; take into consideration his or her relation to any party in interest; his or her demeanor upon the witness stand; his or her manner of testifying; his or her tendency to speak truthfully or falsely, as you may believe, the probability or improbability of the testimony given; his or her situation to see and observe; and his or her apparent capacity and willingness to truthfully and accurately tell you what he or she saw and observed; and if you believe any witness testified falsely as to any material issue in this case, then you must reject that which you believe to be false, and you may reject the whole or any part of the testimony of such witness. (Emphasis omitted.)

The instruction in the text is basically a paraphrase of 9th Cir. Crim. Jury Instr. 3.9 (2010) and Kevin F. O'Malley, et al., 3 FEDERAL JURY PRACTICE AND INSTRUCTIONS: Civil

§ 101.43 (6th ed. 2011), as approved in United States v. Hastings, 577 F.2d 38, 42 (8th Cir. 1978). However, any factors set out in the Phillips, Clark, or Merrival instructions may be added in as deemed relevant to the case.

A general instruction on the credibility of witnesses is in most cases sufficient. Whether a more specific credibility instruction is required with respect to any particular witness or class of witnesses is generally within the discretion of the trial court.

The credibility of a child witness is covered in Kevin F. O'Malley, et al., 3 FEDERAL JURY PRACTICE AND INSTRUCTIONS: Civil § 105.12 (6th ed. 2011). Ninth Circuit Instruction

4.12      recommends that no "child witness" instruction be given.  This Committee joins in those comments.

The testimony of police officers is addressed in Golliher v. United States, 362 F.2d 594, 604 (8th Cir. 1966).

Factors to be taken into account in determining whether a special instruction is warranted with respect to a drug user are discussed in United States v. Johnson, 848 F.2d 904, 905-06 (8th Cir. 1988).

Whether a party is entitled to a more specific instruction on witness bias is also generally left to the discretion of the trial court. See United States v. Ashford, 530 F.2d 792, 799 (8th Cir. 1976).

See 9th Cir. Crim. Jury Instr. 3.9 (2010); Kevin F. O'Malley, et al., 3 FEDERAL JURY PRACTICE AND INSTRUCTIONS: Civil § 105.01 (6th ed. 2011); 11th Cir. Civ. Jury Instr. 3 (2005);

United States v. Hastings, 577 F.2d 38, 42 (8th Cir. 1978). See generally West Key # "Criminal Law" 785(1-16).

3.04 EXPLANATORY:  BURDEN OF PROOF (Ordinary Civil Case)

You will have to decide whether certain facts have been proved [by the greater weight of the evidence]. A fact has been proved [by the greater weight of the evidence], if you find that it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable.

You have probably heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than "more likely true than not true." It applies in criminal cases, but not in this civil case; so put it out of your mind.

Committee Comments

The phrases that are bracketed are optional, depending upon the preference of the judge.  The Committee recognizes that judges may desire to use the burden-of-proof formulation found in the pattern jury instructions adopted by their particular states. If such a burden-of-proof instruction is used, this instruction must be modified accordingly.

3.05 EXPLANATORY: WITHDRAWAL OF CLAIM OR DEFENSE

The claim of the plaintiff[s] that defendant[s]      1 is no longer a part of this case, so you will not decide that claim.2

Notes on Use

1.      Describe briefly the claim that is being withdrawn. If a defendant is dismissed, modify the instruction as follows:

The claim of the plaintiff against defendant      is no longer a part of this case, so you will not consider it.

2.      Describe briefly the defense that is being withdrawn. If a defense is withdrawn, modify the instruction as follows:

The defense of  is no longer a part of the case, so you will not consider it.

Committee Comments

This instruction is intended for use when the claim is withdrawn and may be modified and used for the withdrawal of counterclaims or affirmative defenses.  If this instruction is given during the course of trial, it need not be given with the final instructions.

The judge may wish to discuss the matter of withdrawal of a claim with the lawyers to obtain an agreement as to what the jurors are told.

See Kevin F. O'Malley, et al., 3 FEDERAL JURY PRACTICE AND INSTRUCTIONS: Civil

§ 102.60 (6th ed. 2011).

3.06 EXPLANATORY:  ELECTION OF FOREPERSON; DUTY TO DELIBERATE; COMMUNICATIONS WITH COURT; CAUTIONARY; UNANIMOUS VERDICT; VERDICT FORM

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

First, you will select a foreperson. That person will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement, if you can do this without going against what you believe to be the truth, because all jurors have to agree on the verdict.

Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should. But, do not come to a decision just because other jurors think it is right, or just to reach a verdict. Remember you are not for or against any party. You are judges – judges of the facts. Your only job is to study the evidence and decide what is true.

Third, if you need to communicate with me during your deliberations, send me a note signed by one or more of you. Give the note to the [marshal] [bailiff] [court security officer] and I will answer you as soon as I can, either in writing or here in court. While you are deliberating, do not tell anyone - including me - how many jurors are voting for any side.

Fourth, your verdict has to be based only on the evidence and on the law that I have given to you in my instructions.  Nothing I have said or done was meant to suggest what I think your verdict should be. The verdict is entirely up to you.1

Finally, the verdict form is your written decision in this case. [The form reads: (read form)]. You will take [this] [these] form[s] to the jury room, and when you have all

agreed on the verdict[s], your foreperson will fill in the form[s], sign and date [it] [them], and tell the [marshal] [bailiff] [court security officer] that you are ready to return to the courtroom.

[If more than one form was furnished, you will bring the unused forms in with

you.]

Notes on Use

1.      The trial judge may give a fair summary of the evidence as long as the comments do

not relieve the jury of its duty to find that each party has proved those elements upon which such party
has the burden of proof.  Judges may, in appropriate cases, focus the jury on the primary disputed
issues, but caution should be exercised in doing so.  See United States v.

Neumann, 887 F.2d 880, 882-83 (8th Cir. 1989) (en banc).

Committee Comments

If a hung jury is possible, use Model Instruction 3.07, infra.

**INSTRUCTION NO._____**

Acts were within the "scope and course of employment" as that phrase is used in this these instructions if:

    1. they were a part of the work Jane Rice was employed to perform, and

    2. they were done by Jane Rice to serve the business of FAF, Inc.


M.A.I. 13.05 [1990 Revision]

**INSTRUCTION NO._____**

If you assess a percentage of fault to any defendant, then, disregarding any fault on the part of plaintiff, you must determine the total amount of plaintiff's damages to be such sum as will fairly and justly compensate plaintiff for any damages you believe he sustained and is reasonably certain to sustain in the future as a direct result of the occurrence mentioned in the evidence. If you find that plaintiff failed to mitigate damages as submitted in Instruction Number __ , in determining plaintiff's total damages you must not include those damages that would not have occurred without such failure.  You must state such total amount of plaintiff's damages in your verdict.

In determining the total amount of plaintiff's damages you must not reduce such damages by any percentage of fault you may assess to plaintiff. The judge will compute plaintiff's recovery by reducing the amount you find as plaintiff's total damages by any percentage of fault you assess to plaintiff.

M.A.I.  37.03 [1986 New] modified by 4.01 [2002 Revision]

**INSTRUCTION NO._____**


    The term "negligent" or "negligence" as used in this these instructions means the failure to use the highest degree of care. The phrase "highest degree of care" means that degree of care that a very careful person would use under the same or similar circumstances.


M.A.I.  11.03 [1996 Revision]

### 3.02  JUDGE'S OPINION

I have not intended to suggest what I think your verdict should be by any of my rulings or comments during the trial.

During this trial I have asked some questions of witnesses.  Do not try to guess my opinion about any issues in the case based on the questions I asked.

[Eight Circuit Model Civil Jury Instruction No. 3.02]

### 3.03  CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way, how a witness acted while testifying, whether a witness said something different at another time,[1] whether a witness's testimony sounded reasonable, and whether or to what extent a witness's testimony is consistent with other evidence you believe.

[In deciding whether to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things.  You will have to decide whether a contradiction is an innocent misrecollection, or a lapse of memory, or an intentional falsehood; that may depend on whether it has to do with an important fact or only a small detail.]

[Eight Circuit Model Civil Jury Instruction No. 3.03]

## 3.04  BURDEN OF PROOF
### (Ordinary Civil Case)

You will have to decide whether certain facts have been proved [by the greater weight of the evidence].  A fact has been proved [by the greater weight of the evidence], if you find that it is more likely true than not true.  You decide that by considering all of the evidence and deciding what evidence is more believable.

You have probably heard the phrase "proof beyond a reasonable doubt."  That is a stricter standard than "more likely true than not true."  It applies in criminal cases, but not in this civil case; so put it out of your mind.


[Eight Circuit Model Civil Jury Instruction No. 3.04]

### 3.05  WITHDRAWAL (OF CLAIM OR DEFENSE)

The claim of the plaintiff[s] that defendant[s] _____ [1] is no longer a part of this case, so you will not decide that claim.[2]

[Eight Circuit Model Civil Jury Instruction No. 3.05]

**3.06  ELECTION OF FOREPERSON; DUTY TO DELIBERATE; COMMUNICATIONS WITH COURT; CAUTIONARY; UNANIMOUS VERDICT; VERDICT FORM**

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

*First*, you will select a foreperson.  That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room.  You should try to reach agreement, if you can do this without going against what you believe to be the truth, because all jurors have to agree on the verdict.

Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should.  But, do not come to a decision just because other jurors think it is right, or just to reach a verdict. Remember you are not for or against any party.  You are judges – judges of the facts.  Your only job is to study the evidence and decide what is true.

*Third*, if you need to communicate with me during your deliberations, send me a note signed by one or more of you.  Give the note to the [marshal] [bailiff] [court security officer] and I will answer you as soon as I can, either in writing or here in court.  While you are deliberating, do not tell anyone - including me - how many jurors are voting for any side.

*Fourth*, your verdict has to be based only on the evidence and on the law that I have given to you in my instructions.   Nothing I have said or done was meant to suggest what I think your verdict should be.  The verdict is entirely up to you.

*Finally*, the verdict form is your written decision in this case. [The form reads: (read form)]. You will take [this] [these] form[s] to the jury room, and when you have all agreed on the verdict[s], your foreperson will fill in the form[s], sign and date [it] [them], and tell the [marshal] [bailiff] [court security officer] that you are ready to return to the courtroom.

[If more than one form was furnished, you will bring the unused forms in with you.]

[Eight Circuit Model Civil Jury Instruction No. 3.06]

**INSTUCTION NO._____**

The term "negligent" or "negligence" as applied to the driver of a motor vehicle means the failure to use that degree of care that a very careful person would use under the same or similar circumstances. The term "negligent" or "negligence" as applied to a passenger in a motor vehicle means the failure to use that degree of care that an ordinarily careful person would use under the same or similar circumstances.

M.A.I. 11.08 [1996 Revision]

**4.01 [2002 Revision] Personal and Property**

    **If you find in favor of plaintiff,[1] then you must award plaintiff such sum as you believe will fairly and justly compensate plaintiff for any damages you believe plaintiff sustained [and is reasonably certain to sustain in the future][2] as a direct result of the occurrence[3] mentioned in the evidence. [If you find that plaintiff failed to mitigate damages as submitted in Instruction Number \_\_\_\_\_ , in determining plaintiff's total damages you must not include those damages that would not have occurred without such failure.][4]**

**Notes on Use (2002 Revision)**
**1.** If there is a counterclaim, add the words "on plaintiff's claim for damages".
**2.** This may be added if supported by the evidence.
**3.** When the evidence discloses a compensable event and a noncompensable event, both of which are claimed to have caused damage, the term "occurrence" may need to be modified. See Vest v. City National Bank & Trust Co., 470 S.W.2d 518 (Mo. 1971). When the term "occurrence" is modified, substitute some descriptive phrase that specifically describes the compensable event or conduct. As an example, if the plaintiff claims plaintiff sustained damages as a direct result of negligent medical care while being treated for a non-compensable fall or illness, the instruction may be modified to read, ". . . as a direct result of the conduct of defendant as submitted in Instruction Number _____ *(here insert number of verdict directing instruction)*." As another example, if plaintiff sustained damages in an automobile collision but also had a non-compensable illness, the instruction may be modified to read ". . . as a direct result of the automobile collision."
In a case such as Carlson v. K-Mart, 979 S.W.2d 145 (Mo. banc 1998), where MAI 19.01 is used in the verdict director, delete the entire phrase "as a direct result of the occurrence mentioned in the evidence" from MAI 4.01 and substitute the phrase "that *(describe the compensable event or conduct)* directly caused or directly contributed to cause."
Other modifications also may be appropriate.
**4.** If failure to mitigate damages is submitted, this instruction must be modified by adding this bracketed sentence. See MAI 32.29 for the appropriate method of submission of failure to mitigate damages in cases other than FELA. For FELA cases, use MAI 24.04(A) and MAI 24.07.
This instruction should not be used in a comparative fault case. See MAI 37.03 for the damage instruction in a comparative fault case, and MAI 21.04 for the damage instruction in a comparative fault case involving health care providers.
See MAI 21.03 for the damage instruction in a case involving health care providers without comparative fault.

**Committee Comment (2002 Revision)**
**A.** This instruction is short, simple, and easily understood. Since no particular items of damage are set out, there is no risk of the jury being improperly instructed on damages not supported by the record.
**B.** During the instruction conference, the parties and the court should discuss (on the record) what damages are supported by the evidence and can properly be argued to the jury. In this way, jury arguments can proceed without undue interruptions.
**C.** Rule 71.06 requires the jury verdict to separately state the amounts awarded for personal injuries and property damage.
**D.** In the past, varied approaches have been suggested for the manner of instructing on the issue of mitigation of damages. For example, the plurality opinion in Love v. Park Lane Medical Center, 737 S.W.2d 720 (Mo. banc 1987), suggested using a comparative fault approach. The product liability statute, §537.765, RSMo, also could be read to suggest a comparative fault approach. Tillman v. Supreme Exp. & Transfer, Inc., 920 S.W.2d 552 (Mo.App. 1996), seemed to indicate that MAI 6.01 is the correct approach, although it also observed that MAI 6.01 is limited to wrongful death cases.
**E.** In fact, rather than the doctrine of avoidable consequences, MAI 6.01 submits a completely different type of mitigation (mitigating circumstances attendant upon the fatal injury in a

wrongful death case pursuant to §537.090, RSMo). Tillman also rejected the comparative fault approach to mitigation of damages. In order to avoid potential inconsistencies in alternative methods of submission (comparative fault approach in some cases, the FELA approach in other cases, and yet other possible approaches in other cases), the Committee has concluded that it is best to adopt a uniform approach to the submission of the doctrine of mitigation of damages in all cases as reflected in MAI 32.29 and the revision of MAI 4.01. This approach is both legally and logically correct and consistent with the approach already taken in FELA cases (See MAI 24.04(A) and MAI 24.07). It is also in compliance with the mandate of §537.765 that failure to mitigate damages "shall diminish proportionately the amount awarded as compensatory damages . . ."; thus, the method of submission of mitigation of damages in a product liability case should utilize the approach taken in MAI 32.29 and MAI 4.01.

**33.04 [1995 Revision] Instructions Conversing Verdict Directing 17.02 Using "Unless You Believe" Introduction**

33.04(4)
(Conversing Damages and Causation)

Your verdict must be for defendant unless you believe defendant was negligent[1] [as submitted in Instruction Number _____ ],[2] and as a direct result of such negligence,[1] plaintiff sustained damage.