IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEBORAH L. JENNINGS ) ) ) Plaintiff, ) ) v. ) ) ANNETT HOLDINGS, INC. ) d/b/a TMC TRANSPORTATION, INC. ) ) Defendant. ) | Cause No.: 4:16-cv-00821-SNLJ |

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE FROM
PLAINTIFF'S EXPERTS AND WITNESSES
THAT IS NOT HELPFUL UNDER FRE 702, 704 AND 403**

Defendant TMC Transportation, Inc. moves the Court to enter an Order In Limine to exclude any documents, testimony or reference, either directly or indirectly, evidence from any witness including Plaintiff's experts that is not helpful to the jury, that wastes time, or merely tells the jury what result to reach under Federal Rules 702, 704 and 403.  In support of its motion Defendant states:

Plaintiff's experts Lee Branscome, Thomas Green and Donald Hess offer testimony and opinions that are not helpful to the jury, waste time and merely tell the jury what result to reach in terms of legal conclusions and should be excluded under Federal Rules of Evidence 403, 702 and 704. Specifically the opinions and testimony of Plaintiff's experts, or introduction of any evidence by Plaintiff, on the following issues should be excluded:

1. Any conclusions that David Pierce was negligent as witnesses and experts are prohibited from making legal conclusions of negligence under FRE 704.  Further it tells the jury what results to reach. An expert is not allowed to express an opinion as

to whether a party was negligent.  Good Shepard Manor, Inc. v. Momence, 323 F.3d 557,564 (7th Cir. 2003); Shahid v. City of Detroit, 889 F.2d 1543,1547-48 (6th Cir. 1989).  The jury will be instructed that "the term … 'negligence' as used in these instructions means the failure to use the highest degree of care.  The phrase 'highest degree of care' means that degree of care that a very careful person would use under the same or similar circumstances."  MAI 11.03 [1996 Revision].

2. Any evidence or calculation of David Pierce's speed based upon driver daily log and estimated time of accident.  This evidence is duplicative, cumulative, a waste of time and pure speculation.  It is also irrelevant and immaterial to any issue in this case. It should be excluded pursuant to FRE 403.  Pierce can testify as to his speed and activities at the time of the accident at issue.  Anything beyond that is a speculative, a waste of time for the jury and misleads the jury.  Further, it is not based on sufficient facts or data and should be excluded under FRE 704.

3. Any evidence of hard brake data and events of David Pierce or lack of the ECM to record hard brake events of Pierce at the time of the accident. The quick stop-hard brake feature on the tractor's ECM had been disabled because it was giving a false or positive reading when a hard brake or quick stop event was not occurring. Therefore there is no ECM data from the date of this accident. Any showing of the history of these malfunctioning hard brake events, the disabling of system or the system's capabilities are immaterial and irrelevant to any issue in this case and will only confuse the jury, mislead the jury and be an undue consumption of time and therefore should be excluded under FRE 403.

4. Any results of the inspection of the TMC tractor performed over a year after the accident should be excluded. TMC's tractor was not inspected immediately following this accident and was put back into service. Over a year after the accident, Plaintiff's expert Thomas Green requested and performed an inspection of the tractor. Any evidence of malfunctions or damage to the tractor that was found over a year later should be excluded. It is speculative as there is no way to prove any malfunctions or issues were or would have been present at the time of this accident and therefore should be excluded. The repair orders and maintenance records relating to the date of this accident are available to show the tractor's condition at or near the time of this accident. Further this evidence is immaterial, not relevant, and a waste of time. It should be excluded pursuant to FRE 403.

5. Any interpretation of a statute, law or regulation. The interpretation of statutes should be excluded because they are legal conclusions that invade the province of the Court. <u>Bammerlin v. Navistar International Transportation Corp.</u>, 30 F.3d 898, 900 (7th Cir. 1994) ("The meaning of federal regulations is not a question of fact, to be resolved by the jury after a battle of experts. It is a question of law, to be resolved by the court."); <u>Police Ret. Sys. of St. Louis v. Midwest Investment Advisory Serv., Inc</u>., 940 F.2d 351, 357 (8th Cir. 1991) (noting it was error for court to allow expert witness to lecture jury about what statute meant).

6. Any reference to or evidence of a faulty temperature gauge in the defendant's tractor-trailer. There is no evidence that the temperature gauge was in fact defective or not working at the time of the incident in question. Further, even if it was not working or

>mis-reading ambient air temperatures at the time of the accident, the gauge did not cause or contribute to cause the accident in question.

The trial court serves as the gatekeeper to the admission of expert testimony and the trial court must determine whether the expert is proposing to testify to: (1) scientific, technical or specialized knowledge that (2) will assist the trier of fact to understand or determine a fact in issue. Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 592, 113 S.Ct. 2786, 2796, 125 L.Ed. 2d 469 (1993).  The admissibility of expert witness testimony is governed by Federal Rule of Evidence 702, which provides:

>"A witness who is qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion or otherwise if:
>
>(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
>(b) the testimony is based on sufficient facts or data;
>
>(c) the testimony is the product of reliable principles and methods; and
>
>(d) the expert has reliably applied the principles and methods to facts of the case."

Under Rule 702, expert testimony is permissive, but not necessary, when the expert's scientific, technical or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue.  Expert testimony may be admitted when the topic at issue is one with which lay persons and fact finders are unfamiliar, or when a fact at issue is so technical or complex that no fact finder could resolve the issue without expert testimony. However, as the Advisory Committee Notes to Rule 702 make clear, when the layman juror is able to make a common sense determination of the issue without the technical aid of such an expert, the expert's testimony should be excluded as superfluous.  United States v. Kime, 99 F.3d 870, 884 (8th Cir. 1997).

While Federal Rule of Evidence 704 states that an opinion is not objectionable just because it embraces an ultimate issue to be decided by the jury, "the abolition of the ultimate issue rule does not lower the bars so as to admit all opinions."   FRE 704, Advisory Committee's Note; United States v. Kime, 99 F.3d 870, 884 (8th Cir. 1997).  **If the subject matter is within the jury's knowledge or experience, the expert testimony remains subject to exclusion because the testimony does not meet the helpfulness criterion of Rule 702.** Lee v. Andersen, 616 F.3d 803, 809 (8th Cir. 2010), *citing,* United States v. Arenal, 768 F.2d 263, 269 (8th Cir. 1985).

Federal Rule of Evidence 403 provides for the exclusion of evidence which confuses the issues, misleads the jury, wastes time and needlessly presents cumulative evidence. Rule 403, when read in conjunction with Rules 702 and 704, **provides for the exclusion of evidence which wastes time, such as opinions which would merely tell the jury what result to reach**. United States v. Kime, 99 F.3d 870, 884 (8th Cir. 1997); Lee v. Andersen, 616 F.3d 803, 809 (8th Cir. 2010); FRE 704 Advisory Committee Notes.

Since the proffered testimony of Plaintiffs' experts as stated above is not helpful or is confusing or improper as to making legal conclusions it should be excluded as superfluous. Since Plaintiffs' experts merely tell the jury what result to reach on something the jury already knows and is able to figure out on its own, their opinions and testimony are a waste time and should be excluded. See Wofford v. Bonilla, 2008 WL 2517155 *5 (E.D. Oklahoma, June 20, 2008).

WHEREFORE, Defendant TMC Transportation moves the Court to exclude the foregoing matters and specifically request the following relief:

a. That said evidence and any reference thereto be completely excluded from this case including voir dire, opening statements, presentation of evidence, and closing arguments;

b. That all counsel instruct their respective witnesses of this order and demand compliance therewith;

c. That all documents reflecting or referencing said evidence or material be identified by the party offering said documents so that said material can be deleted or otherwise modified to insure compliance with this order;

d. That in the event said evidence should inadvertently be divulged, the Court will instruct the jury at the time it was divulged that they should disregard same;

e. That in the event said evidence or matter enumerated above is admissible for one purpose and not another, the jury be instructed for what purpose it is being offered and that they should not consider said evidence in determining whether Defendant is liable or otherwise at fault;

f. That at the Defendant's option, a written withdrawal or cautionary instruction is given to the jury with other written instructions concerning the evidence and/or the matters enumerated.

        Respectfully submitted,

        ROBERTS PERRYMAN PC

/s/ Ted L Perryman
Ted L. Perryman, 28410MO
Korissa M. Zickrick, 56069MO
1034 S. Brentwood Blvd., Suite 2100
St. Louis, MO 63117
(314) 421-1850/(314) 421-4346 Facsimile
*Attorneys for Defendant TMC Transportation, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing has been sent electronically and by U.S. mail, postage pre-paid this 26th day of September, 2017 to all counsel of record.

Maurice Graham
GRAY RITTER AND GRAHAM
701 Market, Suite 800
St. Louis, MO 63101-1826
mgraham@grgpc.com

John P. Heisserer
RICE, SPATH, SUMMERS & HEISSERER
160 S. Broadview, 4th Floor
P.O. Box 1568
Cape Girardeau, MO 63702-1568
jheisserer@capelawfirm.com

/s/ Ted L. Perryman