IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEBORAH L. JENNINGS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No.:  4:16-cv-00821-SNLJ |
| ) | |
| ANNETT HOLDINGS, INC. ) | |
| d/b/a TMC TRANSPORTATION, INC. ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT TMC TRANSPORTATION INC.'S MOTION IN LIMINE TO EXCLUDE OPINIONS AND TESTIMONY REGARDING THE STANDARD OF CARE**

COMES NOW Defendant TMC Transportation, Inc., by and through its attorneys, and moves the Court for an Order in Limine to exclude any documents, testimony or reference, either directly or indirectly, to legal conclusions from lay witnesses and Plaintiff's expert witnesses Thomas Green and Donald Hess regarding standards of care and testimony that the standard of care for TMC Transportation and its driver David Pierce is different than, or higher than, the standard of care for a driver of a personal motor vehicle, such as Allen Jennings.

Defendant anticipates that Plaintiff will attempt to infer that Pierce had a separate and/or heightened standard of care because Pierce was a commercial truck driver.  There is no regulation, law or statute that changes the common law standard of care for an operator of a motor vehicle regardless if the driver is operating a commercial motor vehicle or a passenger vehicle.

The standard of care for operating a motor vehicle, both a commercial and passenger vehicle, in Missouri is set forth in RSMo § 304.012: "Every person operating a motor vehicle on the roads and highways of this state shall drive the vehicle in a careful and prudent manner and at

a rate of speed so as not to endanger the property of another or the life or limb of any person and shall exercise the highest degree of care."  Missouri does not have different standards to be followed by classes of drivers.  Neither the inexperience of a novice nor the professional experience of a truck driver affects the standard of care required of a driver on Missouri's highways.  The traffic regulations in Chapter 304 to the Missouri Revised Statutes do not distinguish between operators of passenger cars versus trucks.  There is no law that supports a separate or higher duty of care for drivers of commercial motor vehicles than the general duty of care as stated above.  *Wise v. Pottorff*, 987 S.W.2d 407, 410 (Mo. App. W.D. 1999) (applying the standard articulated in § 304.012 RSMo. to the driver of a tractor trailer).

Because there is no separate duty of care for a driver of commercial motor vehicles imposed by either statute or regulation than the duty to use ordinary care in the operation of a motor vehicle, Plaintiff, his counsel and Plaintiff's witnesses and experts should not be permitted to refer to or impress upon the members of the jury in any manner or form that Pierce was under or should be held to a different or heightened standard of care above the common law standard of care imposed on all drivers.

The Court should deny all witnesses and experts, including Green and Hess, from attempting to make this into a professional truck driving malpractice case because expert testimony is not required to establish the appropriate standard of care in that the standard of care is established by statute and the alleged acts of negligence are within the normal experience and understanding of a lay person.  There is no legal citation, study, publication or regulation or law that supports any witness, including experts Hess and Green, from testifying that Pierce as a professional truck driving should be held to a different standard than Jennings who was in a passenger vehicle.

Missouri law governs the standard of care in this diversity action. <u>Sherbert v. Alcan Aluminum Corp.</u>, 66 F 3d 965, 966 (8th Cir. 1995).  Under Missouri law, the standard of care is a question of law for the court to determine, and whether a defendant's conduct falls short of that standard of care is determined by the jury.  *Id*, *citing* <u>Harris v. Niehaus</u>, 857 S.W. 2d 222, 225 (Mo. banc 1993).  Whether expert testimony is required to establish the proper standard of care depends on whether the alleged negligence is of such a nature as not to be within the normal experience or understanding of a layman.  <u>Annen v. Trump</u>, 913 S.W. 2d 16, 22 (Mo. App 1995); <u>Jake C. Byers, Inc. v. J.B.C. Investments</u>, 834 S.W. 2d 806, 818 – 19 (Mo. App 1992).

The standard of care for operating a motor vehicle in Missouri is set forth in RSMo. ¶304.012 as set forth above.  The same knowledge and skills taught to a truck driver are the same as those taught to everyday drivers.  They are knowledge and skills familiar to all drivers.  The main difference is that the size and weight of the truck may require different stopping distance and awareness on the road.  However, "it would … be obvious to any reasonable jury that the size and weight of a semi-tractor trailer would require a greater stopping distance and awareness of position on the road.  An expert is not necessary for this purpose and does not assist the jury in its determination." <u>Wofford v. Bonilla</u>, 2008 WL 2517155 *3 (E.D. Oklahoma, June 20, 2008).  The expert's imposition of a higher standard of care upon a truck driver is simply his own creation to tailor his testimony to the case.  <u>Id</u>.

The Court should exclude any attempt to dictate the standard of care.  The Court determines the standard of care to be applied.  Jurors are familiar with the issues relating to a driver's visual, speed and space management, operations, hazard perceptions, and emergency maneuvers.  Expert testimony is not required to establish the proper standard of care.

WHEREFORE, Defendant TMC Transportation moves the Court to exclude the foregoing matters and specifically request the following relief:

a. That said evidence and any reference thereto be completely excluded from this case including voir dire, opening statements, presentation of evidence, and closing arguments;

b. That all counsel instruct their respective witnesses of this order and demand compliance therewith;

c. That all documents reflecting or referencing said evidence or material be identified by the party offering said documents so that said material can be deleted or otherwise modified to insure compliance with this order;

d. That in the event said evidence should inadvertently be divulged, the Court will instruct the jury at the time it was divulged that they should disregard same;

e. That in the event said evidence or matter enumerated above is admissible for one purpose and not another, the jury be instructed for what purpose it is being offered and that they should not consider said evidence in determining whether Defendant is liable or otherwise at fault;

f. That at the Defendant's option, a written withdrawal or cautionary instruction be given to the jury with other written instructions concerning the evidence and/or the matters enumerated.

Respectfully submitted,

ROBERTS PERRYMAN PC

/s/ Ted L. Perryman
Ted L. Perryman, 28410MO
Korissa M. Zickrick, 56069MO
1034 S. Brentwood Blvd., Suite 2100
St. Louis, MO 63117
(314) 421-1850/(314) 421-4346 Facsimile
*Attorneys for Defendant TMC Transportation, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing has been sent electronically and by U.S. mail, postage pre-paid this 26th day of September, 2017 to all counsel of record.

Maurice Graham
GRAY RITTER AND GRAHAM
701 Market, Suite 800
St. Louis, MO 63101-1826
mgraham@grgpc.com

John P. Heisserer
RICE, SPATH, SUMMERS & HEISSERER
160 S. Broadview, 4th Floor
P.O. Box 1568
Cape Girardeau, MO 63702-1568
jheisserer@capelawfirm.com

/s/ Ted L. Perryman