IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEBORAH L. JENNINGS ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No.:  4:16-cv-00821-SNLJ |
| ) | |
| ANNETT HOLDINGS, INC. ) | |
| d/b/a TMC TRANSPORTATION, INC. ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT TMC TRANSPORTATION INC.'S MOTION IN LIMINE REGARDING ADMISSIBILITY OF MEDICAL CHARGES

COMES NOW Defendant TMC Transportation, Inc., by and through its attorneys, and moves in limine to exclude any evidence, testimony, documentation, argument or other inferences or reference during voir dire, opening statements, testimony or closing argument that reference Deborah Jennings' "billed" medical charges.

Pursuant to §490.715 RSMo., parties may introduce evidence of the "**actual cost of the medical care or treatment**" rendered to a plaintiff whose care is at issue.  The statute defines the phrase "actual cost of the medical care or treatment" as "a **sum of money not to exceed the dollar amounts paid by or on behalf of a plaintiff or a patient whose care is at issue plus any remaining dollar amount necessary to satisfy the financial obligation for medical care or treatment by a health care provider after adjustment for any contractual discounts, price reduction, or write-off by any person or entity**."  This statute was effective August 31, 2017.

Under the *prior* §490.715 RSMo., the Court could determine the "value" of the medical treatment rendered based on the medical bills incurred by a party, the amounts actually paid, and

the amounts not paid that such party was still obligated to pay. This resulted in plaintiffs being able to recover for amounts incurred which were not paid and/or for which the plaintiff no longer had any obligation to pay. The Missouri legislature amended the statute by enacting the current §490.715 RSMo., which only allows evidence of "actual costs," i.e., those amounts *actually paid*, plus any remaining amount necessary to satisfy the financial obligation of plaintiff after adjustment for any contractual discounts, price reductions, or write-offs. Section 490.715 RSMo. is procedural and thus retroactive. See *State of Missouri v. Thomaston*, 726 S.W.2d 448, 461 (Mo. App. W.D. 1987) (a statute relating solely to procedural law, such as burden of proof and rules of evidence, applies to all proceedings after its effective date even though the transaction occurred prior to its enactment). Therefore, the original charges or billed amounts not paid and for which Jennings has no obligation to pay <u>cannot</u> be admitted. The only amounts admissible at trial are those amounts that are actually paid or for which are necessary to satisfy Deborah Jennings' obligation after discounts, reductions or write offs.

For these foregoing reasons, Defendant TMC Transportation respectfully request that the Court grant its Motion in Limine to exclude evidence of Deborah Jennings' original medical charges or "billed" charges and only allow the submission of the actual amounts paid for Jennings' medical treatment as a result of the accident at issue.

WHEREFORE, Defendant TMC Transportation moves the Court to exclude the foregoing matters and specifically request the following relief:

a. That said evidence and any reference thereto be completely excluded from this case including voir dire, opening statements, presentation of evidence, and closing arguments;

b. That all counsel instruct their respective witnesses of this order and demand compliance therewith;

c. That all documents reflecting or referencing said evidence or material be identified by the party offering said documents so that said material can be deleted or otherwise modified to insure compliance with this order;

d. That in the event said evidence should inadvertently be divulged, the Court will instruct the jury at the time it was divulged that they should disregard same;

e. That in the event said evidence or matter enumerated above is admissible for one purpose and not another, the jury be instructed for what purpose it is being offered and that they should not consider said evidence in determining whether Defendant is liable or otherwise at fault;

f. That at the Defendant's option, a written withdrawal or cautionary instruction is given to the jury with other written instructions concerning the evidence and/or the matters enumerated.

Respectfully submitted,

ROBERTS PERRYMAN PC

/s/ Ted L. Perryman
Ted L. Perryman, 28410MO
Korissa M. Zickrick, 56069MO
1034 S. Brentwood Blvd., Suite 2100
St. Louis, MO 63117
(314) 421-1850/(314) 421-4346 Facsimile
*Attorneys for Defendant TMC Transportation, Inc.*

## **CERTIFICATE OF SERVICE**

   I hereby certify that a true and accurate copy of the foregoing has been sent electronically and by U.S. mail, postage pre-paid this 26th day of September, 2017 to all counsel of record.

Maurice Graham
GRAY RITTER AND GRAHAM
701 Market, Suite 800
St. Louis, MO 63101-1826
mgraham@grgpc.com

John P. Heisserer
RICE, SPATH, SUMMERS & HEISSERER
160 S. Broadview, 4th Floor
P.O. Box 1568
Cape Girardeau, MO 63702-1568
jheisserer@capelawfirm.com

               /s/ Ted L. Perryman