IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEBORAH L. JENNINGS            )<br>                                                       )<br>                                                       )<br>        Plaintiff,                                 )<br>                                                       )<br>v.                                                    )         Cause No.:  4:16-cv-00821-SNLJ<br>                                                       )<br>ANNETT HOLDINGS, INC.           )<br>d/b/a TMC TRANSPORTATION, INC. )<br>                                                       )<br>        Defendant.                            ) | |

**DEFENDANT TMC TRANSPORTATION, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**

COMES NOW Defendant TMC Transportation, Inc., by and through its attorneys, and for its Response in Opposition to Plaintiff's Motion to Strike, states as follows:

1. Plaintiff's Motion to Strike is untimely filed and violates the Court's Case Management Order entered in this case.  Any objections to a party's pretrial submissions <u>must</u> be filed *not later than 15 days* before trial.  Plaintiff's Motion to Strike was filed on October 3, 2017, which is 14 days before trial. Therefore Plaintiff's Motion to Strike should not be considered by the Court.

2. Defendant filed its Trial Brief with a list of all exhibits timely on September 18, 2017. In its Trial Brief, Defendant stated it would provide copies of all exhibits upon request of counsel as all documents listed as exhibits were already in the possession of Plaintiff's counsel since they had been produced in discovery.

3. There were no new documents disclosed or produced to Plaintiff except for two Re/Max Realty videos of Deborah Jennings which were available publicly online and done by Deborah Jennings herself. All other documents were already produced or

produced by Plaintiff to Defendant, so there is no hardship or prejudice to plaintiff in Defendant not providing copies of the exhibits to Plaintiff on September 18, 2017.

4. In fact, Plaintiff added exhibits to its list AFTER September 18, 2017 and resent its exhibits to Defendant on September 25, 2017. Plaintiff's counsel requested several photographs be added to their exhibits and Defendant did not object.

5. Finally, there is no requirement in the Case Management Order that the actual exhibit must be marked and personal information redacted when submitted with the trial brief. Defendant has not "filed" the exhibits with the Court, so the information on the exhibits has not been produced publicly. Defendant will redact all personal identifiers from each document prior to submitting to the Court and for trial.

6. Defendant designated each document with an exhibit letter as required, but was going to physically mark the exhibit with a letter once it was known if Plaintiff was filing any objection to a specific exhibit and if the Court was going to allow the exhibit. Many of the same exhibits have been identified by both parties. Defendant suspects that the Court does not want the same exhibit marked twice (once by plaintiff with a number and once by defendant with an alpha letter). To re-mark the exhibits physically at this time would be confusing. Defendant points out that not all of Plaintiff's exhibits are marked with numbers either. In fact, the exhibits produced by Plaintiff on September 18, 2017 were not all numbered and still contained personal identifiers throughout the records, so to file a Motion to Strike Defendant's on this basis arguing they were not compliant when Plaintiff did as well seems ironic.

7. Defendant will ensure that all exhibits are properly marked in correct alphabetical order for trial and provided to the Court and Plaintiff before trial.

8. In sum, Plaintiff had all of the documents that Defendant TMC listed as exhibits that it would use at trial in its possession, so Defendant requests the Court deny Plaintiff's Motion to Strike and deny any challenges or objections by Plaintiff to a specific exhibit listed in Defendant's Trial Brief as being untimely and in violation of the Court's Case Management Order.

WHEREFORE, Defendant TMC Transportation, Inc. requests the Court deny Plaintiff's Motion to Strike or in the alternative require TMC Transportation, Inc. to amend its filing.

Respectfully submitted,

ROBERTS PERRYMAN PC

/s/ Ted L. Perryman
Ted L. Perryman, 28410MO
Korissa M. Zickrick, 56069MO
1034 S. Brentwood Blvd., Suite 2100
St. Louis, MO 63117
(314) 421-1850/(314) 421-4346 Facsimile
*Attorneys for Defendant TMC Transportation, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing has been sent electronically this October 5, 2017 to all counsel of record.

Maurice Graham
GRAY RITTER AND GRAHAM
701 Market, Suite 800
St. Louis, MO 63101-1826
mgraham@grgpc.com

John P. Heisserer
RICE, SPATH, SUMMERS & HEISSERER
160 S. Broadview, 4th Floor
P.O. Box 1568
Cape Girardeau, MO 63702-1568
jheisserer@capelawfirm.com

/s/ Ted L. Perryman

Page **3** of **3**